UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN COHEN, and all those similarly situated regarding
particular issues only,

                       Plaintiff,

            - against -

COUNTY OF NASSAU, NASSAU COUNTY SHERIFF'S
DEPARTMENT, NASSAU COUNTY DIVISION OF
CORRECTIONS, NASSAU COUNTY CORRECTIONAL CENTER,
NASSAU COUNTY JAIL, MICHAEL ADAMS, MICHAEL J.
SPOSATO, PATRICK MCDEVITT, JOHN COLLAHAN, NASSAU
COUNTY DISTRICT ATTORNEY'S OFFICE, KATHLEEN M.
RICE, MEG REISS, CHARLES RIBANDO, BENJAMIN
VOLPICELLO, ROBERT NIGRO, NASSAU COUNTY CLERK'S
OFFICE, NASSAU COUNTY DEPARTMENT OF PROBATION,
JANE LAURO, NASSAU HEALTH CARE CORPORATION,
NASSAU UNIVERSITY MEDICAL CENTER, KAMIL ATTA,
JOSEPH DOE, LAURA DOE, STEVEN ZANON, ZANON JORDAN
& CO., P.C., JOHN C. SULLIVAN, LAWRENCE MAHON,
MAHON, MAHON, KERINS & O'BRIEN, L.L.C., DANIEL GALE
ASSOCIATES, ABC TITLE INSURANCE CO., XYZ ABSTRACT
CO., RACHEL FERNBACH, JASON FERNBACH, H. WILLIAM
HODGES, III, AND JOHN B. RIORDAN, in their Individual and
Official Capacities,

                       Defendants.
------------------------------------------------------------------X

**ORDER**
10-CV-5836 (SJF) (ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 29 2011   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

I.    Introduction

On December 9, 2010, incarcerated *pro se* plaintiff Kevin Cohen ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985 ("Section 1985"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* and the Health

Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d *et seq.*, accompanied by an application to proceed *in forma pauperis*. On April 27, 2011, the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with prejudice in part and without prejudice with leave to amend in part (the "April Order"). On June 16, 2011, plaintiff filed an amended complaint against all of the same defendants as the original complaint as well as five (5) additional defendants, namely the Nassau County Clerk's Office, Rachel Fernbach, Jason Fernbach, H. William Hodges, III and John B. Riordan. Plaintiff also now seeks to bring his complaint as a class action, in part. On May 16, 2011 and June 16, 2011, plaintiff filed two (2) "motion[s] to vacate" the April Order.

For the reasons set forth below, the "motion[s] to vacate" are denied and the amended complaint fails to set forth a plausible claims and is therefore *sua sponte* dismissed with prejudice.

II.  Discussion

Plaintiff, an attorney,[1] has failed to comply with the April Order. The seventy (70) page handwritten amended complaint repeats many of the same allegations set forth in the original complaint. To the extent that plaintiff continues to challenge the Surrogate Court's sale of the home located at 250 Chestnut Street in East Hills, New York, for the reasons set forth in the April Order,

---

[1] The Court takes judicial notice of plaintiff's bar admission information as maintained by the New York State Supreme Court at http://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyID=5504888. Given that plaintiff is an attorney, his pleadings are not entitled to the degree of liberality ordinarily given to *pro se* plaintiffs. Dorfman v. Bruno, No. 09-CV-4355, 2011 WL 197885, at *2 (E.D.N.Y. Jan. 18, 2011) (citing Maloney v. Cuomo, 470 F. Supp.2d 205, 209 (E.D.N.Y. 2007), *aff'd*, 554 F.3d 56 (2d Cir. 2009), *vacated on other grounds*, --- U.S. ---, 130 S. Ct. 3541, 177 L. Ed.2d 1119 (2010)).

this Court lacks subject matter jurisdiction and the claim is dismissed with prejudice. *See* April Order at 9 -10. Plaintiff also continues to challenge his conviction and sentence, and seeks his "release from custody FORTHWITH." Am. Compl. at 44. As stated in the April Order, such relief may be obtained only pursuant to section 2254 of title 28 of the United States Code. *See* April Order at 11-12 (citing Heck v. Humphrey, 512 U.S. 477, 484, 114 S. Ct. 2364, 3671, 129 L. Ed.2d 383 (1994)). Accordingly, plaintiff's claims alleging pre-trial and pre-sentencing civil rights violations are dismissed with prejudice.

The balance of the amended complaint is a diatribe purporting to allege a RICO claim. Plaintiff appears to claim that all of the defendants, excepting Rachel and Jason Fernbach, under the direction of District Attorney Kathleen Rice, conspired to convict the plaintiff and other inmates at the Nassau County Correctional Center in order to keep the jail at full capacity so that Nassau County would receive funding from the state and federal governments. *See generally,* Am. Compl. Plaintiff's conclusory allegations provide no facts on which to base a RICO claim. See Stancuna v. New Haven Legal Assistance Inc., 383 F. App'x 23 (2d Cir. 2010) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) of *pro se* plaintiff's RICO claim) (summary order); O'Neil v. Ponzi, 394 F. App'x 795 (2d Cir. 2010) (same). Moreover, plaintiff seeks to bring this claim on behalf of himself and other similarly situated inmates as a class action. Given that plaintiff is proceeding *pro se*, he cannot represent anyone other than himself. See, e.g., Moore v. T-Mobile USA, No. 10-CV-0527, 2011 WL 609818, *6 (E.D.N.Y. Feb. 15, 2011) ("[Plaintiff] cannot convert this action to a class action because he is proceeding *pro se*, and a *pro se* litigant cannot represent anyone other than himself or herself.") (citing Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

Finally, plaintiff's amended complaint now purports to allege state law claims against Rachel and Jason Fernbach who are alleged to be the current occupants of 250 Chestnut Street. Plaintiff's claims include "buyer's unreasonable reliance, contributory negligence, unclean hands, and unjust enrichment." Given the dismissal of the federal claims in this case, the Court declines to exercise supplemental jurisdiction over these state law claims. Accordingly, the state law claims are dismissed without prejudice.

Moreover, although plaintiff's "motion[s] to vacate" seek relief from the April Order, they fail to demonstrate the existence of a "mistake, inadvertence, surprise, or excusable neglect" that justifies relief from the April Order as required by Federal Rule of Civil Procedure 60(b), and are therefore denied.

III. Conclusion

For the reasons set forth above and in the April Order, the "motion[s] to vacate" the April Order are denied and the complaint and amended complaint are *sua sponte* dismissed with prejudice as to plaintiff's federal claims and without prejudice to his state law claims. The Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this order, together with plaintiff's authorization, to the Superintendent of the facility in which plaintiff is incarcerated and to serve

notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiff at his last known address, *see* Fed. R. Civ. P. 5(b)(2)(c).

The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: June 29, 2011
Central Islip, New York

5